1  KATHRYN KENEALLY
   Assistant Attorney General
2
   G. PATRICK JENNINGS
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683, Ben Franklin Station
   Washington, D.C.  20044-0683
5  Telephone:   (202) 307-6648
   E-mail:        guy.p.jennings@usdoj.gov
6
   Attorneys for the United States of America
7
   BENJAMIN B. WAGNER
8  United States Attorney

9  Of Counsel

10              IN THE UNITED STATES DISTRICT COURT FOR THE

11                    EASTERN DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,                    )
                                                 )
13             Plaintiff,                        )   Civil No.  2:11-CV-03079-GEB-EFB
                                                 )
14        v.                                     )
                                                 )   **UNITED STATES' STATEMENT OF**
15  STANLEY K. BURRELL;                          )   **UNDISPUTED FACTS**
    STEPHANIE D. BURRELL;                        )
16  IMAGE, LIKENESS, POWER LLC;                  )
                                                 )
17             Defendants.                       )
                                                 )
18

19        In support of its counter-motion for summary judgment, under Local Rule 260(a), the

20  United States submits its statement of undisputed facts.  In accordance with the Local Rule, any

21  party opposing the motion for summary judgment shall reproduce the itemized facts set forth

22  below and admit those facts that are undisputed and deny those that are disputed, including

23  with each denial a citation to the particular evidence relied upon in the denial.

24

25

26

27

28

# STATEMENT OF UNDISPUTED FACTS

| | |
|---|---|
| 1.  This is a civil action brought by the United States of America to reduce to judgment federal tax assessments for the taxable years ending December 31, 1996, and December 31, 1997, (the "years at issue") against Stanley K. Burrell and Stephanie D. Burrell. | Burrell Answer to Complaint (doc. 5) |
| 2.  There is no dispute as to the amount of the tax liabilities for the years at issue , which were assessed from amounts reported by the Burrells on their federal individual income tax returns. | Burrell Response to US Request for Admission no. 1, 2, Certificate of Assessments and Payments, Jennings Decl. Ex. B, C |
| 3.  The Burrells filed a voluntary Chapter 11 bankruptcy petition on April 1, 1996, in the United States Bankruptcy Court for the Northern District of California (Oakland).  *In re Stanley K. Burrell, Stephanie D. Burrell*, 4:96-BK-42564-RJN (Bankr. N.D. Cal.) | Burrell Response to US Request for Admission no. 3 |
| 4.  On April 16, 1996, the Internal Revenue Service filed a proof of claim (No. 1) in the Burrells' bankruptcy case in the total amount of $1,495,734.92 for individual income tax for your taxable years ending December 31, 1993, 1994, and 1995. | Burrell Response to US Request for Admission no. 4 |
| 5.  On February 20, 1997, the Internal Revenue Service filed an amended proof of claim (No. 52) in the bankruptcy case in the total amount of $1,603,017.95 for the Burrells' taxable years ending December 31, 1993, 1994, and 1995. | Burrell Response to US Request for Admission no. 5 |
| 6.  On October 16, 1997, the Burrells filed their joint individual income tax return for 1996, after filing a request for an extension. | Burrell Response to US Request for Admission no. 6 |

*US MSJ Facts*

| 7. | On January 9, 1998, the Internal Revenue Service objected to the confirmation of the proposed Chapter 11 plan. (Bankr. Doc. No. 273). The objection stated that the Burrells had incurred "additional federal income tax liabilities for post-petition periods (tax years 1996 and 1997)." | Burrell Response to US Request for Admission no. 7 |
|---|---|---|
| 8. | The IRS objection stated that the Internal Revenue Service had not submitted a proof of claim for those liabilities. | Burrell Response to US Request for Admission no. 8 |
| 9. | On January 14, 1998, counsel for the Burrells stated to the Court on the record that he was aware of post-petition tax liabilities of the Burrells, for 1996 and 1997, and that the Burrells had an agreement to pay those liabilities to the Internal Revenue Service outside the proposed Chapter 11 plan. | Burrell Response to US Request for Admission no. 9 |
| 10. | The Burrells did not obtain court confirmation of a Chapter 11 plan.  No order was entered granting a Chapter 11 discharge. The Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case on September 23, 1998. | Burrell Response to US Request for Admission no. 10, 11, 12 |
| 11. | On June 5, 2000, the Internal Revenue Service filed a second amended proof of claim (hereinafter "Claim No. 85") in the bankruptcy case in the total amount of $1,517,450.92 for the Burrells' taxable years ending December 31, 1993, 1994, and 1995. | Burrell Response to US Request for Admission no. 13 |
| 12. | The Burrells did not file a proof of claim on behalf of the Internal Revenue Service for any period. | |
| 13. | On June 29, 2000, the Bankruptcy Court approved and filed an Order upon the "Stipulation Regarding Claims Filed by the Internal Revenue Service and Order Thereon" (the "Stipulation and Order" – Doc. No. 603). | Burrell Response to US Request for Admission no. 14 |

| 14. | The Stipulation and Order was signed by counsel for the Chapter 7 Trustee, William H. Broach, and by counsel Thomas R. Mackinson for the United States (Internal Revenue Service as creditor). | Burrell Response to US Request for Admission no. 15 |
|---|---|---|
| 15. | The purpose of paragraph 1 on page 2 of the Stipulation and Order was to agree that the Court should "allow" the unsecured priority claims set forth on Claim No. 85, the second amended proof of claim of the Internal Revenue Service. | Jennings Decl. Ex. E |
| 16. | Paragraph 1 on page 2 of the Stipulation and Order states that the secured portion of Claim No. 85 was fully paid. | Jennings Decl. Ex. E |
| 17. | Paragraph 1 on page 2 of the Stipulation and Order indicates agreement that – as of the date of the Stipulation and Order – the only amount due and owing to the Internal Revenue Service from the Chapter 7 bankruptcy estate of the Burrells on Claim No. 85 is the "unsecured priority portion of said claim in the sum of $721,716.00." | Jennings Decl. Ex. E |
| 18. | Paragraph 1 on page 2 of the Stipulation and Order indicates agreement that the unsecured priority portion of Claim No. 85 should be allowed for payment from the bankruptcy estate. | Jennings Decl. Ex. E |
| 19. | The Order on page 2 of the Stipulation and Order determines that (1) the secured portion of Claim No. 85 was paid and that (2) the unsecured priority portion of Claim No. 85 will be allowed for payment by the bankruptcy estate. | Jennings Decl. Ex. E |
| 20. | The Stipulation and Order does not include any reference to the post-petition tax liabilities of the Burrells for the taxable years ending December 31, 1996 and 1997, nor any reference to amounts to be paid outside the bankruptcy. | Jennings Decl. Ex. E |

| 21. | The Bankruptcy Court denied the Burrells a bankruptcy discharge in their Chapter 7 case on April 23, 2002. | Burrell Response to US Request for Admission no. 23 |
|---|---|---|
| 22. | In 2004 and 2005, the Chapter 7 bankruptcy estate of the Burrells fully paid the tax liabilities for the taxable years ending December 31, 1993, 1994, and 1995 set forth on the Claim No. 85 of the Internal Revenue Service. | Revenue Officer Decl. |
| 23. | The 1996 tax year liability was assessed on November 24, 1997, after the return was filed after two extensions.  The statute of limitations to collect began to run because it was a post-petition liability. | Jennings Decl. Ex. B. |
| 24. |  After the conversion of the bankruptcy case to a Chapter 7, on September 23, 1998, the 1996 and 1997 tax liabilities were treated as pre-petition and so the IRS was prevented from collecting those liabilities. | 11 U.S.C. § 348(d) |
| 25. | Due to the pending Chapter 7 case, the running of the 10-year period to file a tax collection suit was suspended from date of conversion, September 23, 1998, to the date the discharge was denied, April 23, 2002, plus six months, pursuant to 26 U.S.C. § 6503(h). | Burrell Response to US Request for Admission no. 25 |

KATHRYN KENEALLY
Assistant Attorney General

Date: April 22, 2012          /s/ G. Patrick Jennings
                              G. PATRICK JENNINGS
                              Trial Attorney, Tax Division
                              U.S. Department of Justice

*US MSJ Facts*