IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STANLEY K. BURRELL; STEPHANIE D. BURRELL; IMAGE, LIKENESS, POWER LLC,<br><br>        Defendants. | 2:11-cv-03079-GEB-EFB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[*] |

On April 8, 2013, Defendants filed a motion for summary judgment. Plaintiff opposes the motion, arguing in part: "[c]ontrary to local rule, counsel for [Defendants] did not file a separate statement of undisputed facts" with their motion for summary judgment. (Pl.'s Opp'n 2:2-3, ECF No. 13.).) Local Rule 260(a) prescribes:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.

E.D. Cal. R. 230(a). "A motion for summary judgment [that] does not contain such a statement of undisputed facts is subject to denial on this ground alone." Aoki v. Gilbert, No. 2:11-cv-02797-MCE-CKD, 2013 WL

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1284335, at *5 (E.D. Cal. Mar. 28, 2013) (citing <u>Luna v. Hoa Trung Vo</u>, CV F 08-1962 AWI SMS, 2010 WL 4878788, at *2-3 (E.D. Cal. Nov. 17, 2010)) (denying motion for summary judgment when moving party failed to include a statement of undisputed facts with the motion); see <u>Falcon Enters., Inc. v. Publ'rs Serv., Inc.</u>, 438 Fed. Appx. 579, 582 (9th Cir. 2011) ("The district court appropriately denied [Plaintiff]'s [motion for summary judgment] based on its findings that [Plaintiff] failed to properly serve the motion and . . . neglect[ed] to submit a statement of undisputed facts . . . ." (citing Fed. R. Civ. P. 56; C.D. Cal. R. 56-1)); <u>Jin v. Hense</u>, No. 1:03-CV-5282-REC-SMS-P, 2005 WL 2000985, at *1 (E.D. Cal. Aug. 17, 2005) (adopting, after de novo review, the magistrate judge's recommendation that the plaintiff's motion for summary judgment be denied for failure to comply with then-applicable Local Rule 56-260(a) by failing to file a statement of undisputed facts); <u>Sequoia Prop. & Equip. Ltd. P'ship v. United States</u>, No. 97-CV-5044-LJO, 2000 WL 1728117, at *9 (E.D. Cal. Oct. 4, 2000) (denying summary judgment motion for failure to comply with then-applicable Local Rule 56-260(a) by failing to file a separate statement of undisputed facts).

> Requiring strict compliance with [the local rule governing summary judgment motions] is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement [of undisputed facts] specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record [that] the movant believes support his statement. The opponent then has the opportunity to respond by filing [a statement of disputed facts] and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

<u>Gardels v. Cent. Intelligence Agency</u>, 637 F.3d 770, 773 (D.C. Cir. 1980) (discussing requirement of strict compliance with then-applicable D.C. District Court Local Rule 1-9(h) (now D.C. District Court Local Rule 7(h)(1)), which prescribed "[w]ith each motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure there shall be served and filed . . . a statement of the material facts as to which the moving party contends there is no genuine issue" (quoting D.D.C. Civ. R. 1-9(h))). Since Defendants failed to file a statement of undisputed facts with their motion for summary judgment as prescribed by Local Rule 260(a), Defendants' motion for summary judgment is DENIED.

Dated:  May 1, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge