IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>STANLEY K. BURRELL; STEPHANIE D. BURRELL; IMAGE, LIKENESS, POWER LLC,<br><br>         Defendants. | 2:11-cv-03079-GEB-EFB<br><br>ORDER |

        Plaintiff moves for summary judgment "reduc[ing] to judgment federal tax assessments for the taxable years ending December 31, 1996, and December 31, 1997, ('the years at issue') against [Defendants]." (Pl.'s Counter-Mot. for Summ. Judg. ("Pl.'s Mot.") 14:25-28, ECF No. 13.) Defendants filed a late opposition to Plaintiff's motion, which was mislabeled as a reply to a previously denied motion and was therefore stricken. However, since that reply was mislabeled, it is considered as Defendants' opposition to Plaintiff's motion.

## I. BACKGROUND

        Local Rule 260 requires a summary judgment motion to be accompanied by a "Statement of Undisputed Facts" to which the nonmovant is required to respond. Defendants have not responded to Plaintiff's "Statement of Undisputed Facts". The procedure prescribed in Local Rule 260 contemplates identification of the facts that the parties assert are material, disputed or undisputed. If the nonmovant does not

"specifically . . . [controvert duly supported] facts identified in the [movant]'s statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant]'s statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

The following uncontroverted facts exist under Local Rule 260. Plaintiff brings suit "to reduce to judgment federal tax assessments for the [years at issue] against [Defendants]." (Pl.'s Statement of Undisputed Facts ("UF") 1 (citing Answer, ECF No. 5), ECF No. 13-1.) "There is no dispute as to the amount of the tax liabilities for the years at issue, which were assessed from amounts reported by [Defendants] on their federal individual income tax returns." (UMF 2 (citing Burrell Response to U.S. Req. for Adm. Nos. 1-2; Certificates of Assessments & Payments, Jennings Decl., Exs. B, C).)

"[Defendants] filed a voluntary Chapter 11 bankruptcy petition on April 1, 1996, in the U.S. Bankruptcy Court for the Northern District of California." (UMF 3 (citing Burrell Response to Req. for Adm. No. 3).) "On February 20, 1997, the [IRS] filed an amended proof of claim (No. 52) in the total amount of $1,603,017.95 for [Defendants'] taxable years ending December 31, 1993, 1994, and 1995." (UMF 5 (citing Burrell Response to Req. for Adm. No. 5).)

"On January 9, 1998, the [IRS] objected to the confirmation of the proposed Chapter 11 plan," "stat[ing] that [Defendants] had incurred 'additional federal income tax liabilities for post-petition periods (taxable years 1996 and 1997).'" (UMF 7–8 (citing Burrell Response to Req. for Adm. Nos. 7-8).) "The Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case on September 23, 1998," which prevented the IRS "from collecting the 1996 and 1997 tax liabilities since they

were treated as pre-petition." (UMF 10 (citing Burrell Response to Req. for Adm. Nos. 10-12); UMF 24 (citing 11 U.S.C. § 348(d).)

"On June 29, 2000, the Bankruptcy Court approved and filed a . . . Stipulation and Order-Doc. No. 603," based on the "second amended proof of claim (hereinafter 'Claim No. 85') . . . for [Defendants'] taxable years ending December 31, 1993, 1994, and 1995"; the Stipulation and Order "was signed by counsel for the Chapter 7 Trustee . . . and by counsel . . . for [Plaintiff] ([IRS] as creditor)." (UMF 11, 13-14 (citing Burrell Response to Req. for Adm. Nos. 13–15).)

"[T]he running of the 10-year period to file a tax collection suit was suspended from date of conversion, September 23, 1998, to the date the discharge was denied, April 23, 2002, plus six months, pursuant to 26 U.S.C. § 6503(h)." (UMF 21, 25 (citing Burrell Response to Req. for Adm. Nos. 23, 25).)

## II. DISCUSSION

**A. Federal Tax Assessments**

Plaintiff argues that "[a]n assessment for unpaid federal taxes, when properly certified [('Certificate of Assessment' or 'Form 4340')], is presumptively correct evidence of a taxpayer's liability and satisfies the Government's burden of proof so that the United States may rest its case." (Pl.'s Mot. 15:8-10 (citing United States v. Janis, 428 U.S. 433, 440-41 (1976); United States v. Stonehill, 702 F.2d 1288 (9th Cir. 1983); Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992)).) Plaintiff also contends that "Form 4340 is highly probative and, in the absence of contrary evidence, is sufficient to establish that an assessment was properly made and that notices and demand for payment were sent." (Id. 15:17-19 (citing Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992)).) Defendants do not respond to

Plaintiff's argument about the Certificates of Assessment. (See Defs.' Opp'n.)

A Certificate of Assessment is "routinely used to prove that [tax] assessment[s] ha[ve] in fact been made." (Id. 15:14-16 (citation omitted) (citing Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); Hughes, 953 F.2d at 535).) "[A] presumption of correctness attaches to the [Certificate of A]ssessment, and its introduction establishes a prima facie case." United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983) (citing Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Molitor, 337 F.2d 917, 922 (9th Cir. 1964)). "The presumption does not arise unless it is supported by a minimal evidentiary foundation." Id. (citing Weimerskirch v. Comm'r, 596 F.2d 358, 360 (9th Cir. 1979)). "[I]n the absence of contrary evidence, [a Certificate of Assessment is] sufficient to establish that notices and assessments were properly made." Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Plaintiff attaches Certificates of Assessment for taxable years 1996 and 1997 to its motion. (Jennings Decl., Exs. B, C.) "There is no dispute as to the amount of the tax liabilities for the years at issue [(1996 and 1997)], which were assessed from amounts reported by [Defendants] on their federal, individual income tax returns." (UF 2.) This undisputed fact, supported by Defendants' Response to Plaintiff's Request for Admissions, provides a "minimal evidentiary foundation"; therefore, the "presumption of correctness attaches to the [Certificate of A]ssessment." Stonehill, 702 F.2d at 1293. "Defendants fail to identify any facts rebutting the legitimacy of [Plaintiff]'s Form 4340s as to the [1996] and [1997] tax assessments." United States v. Vacante, 717 F. Supp. 2d 992, 1020 (E.D. Cal. 2010). Hence, the Certificate of

Assessment "establishes [Plaintiff's] prima facie case." Stonehill, 702 F.2d at 1293.

**B. Collateral Estoppel and Res Judicata**

Defendants argue that "collateral estoppel and res judicata . . . apply in this case." (Defs.' Reply to Pl.'s Mot. ("Defs.' Opp'n") 2:5, ECF No. 17.) Specifically, Defendants contend that "[t]he argument that these taxes [for taxable years 1996 and 1997] were not litigated between the Chapter 7 Trustee and the [IRS] appears to be in opposition to the language of the Stipulation." (Id. 2:12-13.) Defendants further argue: "the claim issues were litigated and stipulated to pursuant to the Stipulation[, which] binds [Plaintiff] to the claim amounts and terms thereto." (Id. 3:17-18.) The gravamen of Defendants' argument is that the Stipulation and Order binds the parties as to all tax liabilities prior to June 29, 2000 (when the Stipulation and Order was signed), rather than just tax liabilities for taxable years 1993, 1994, and 1995.

Plaintiff rejoins that although Defendants "argue[] that the Stipulation and Order litigated [tax years] 1996-1997[,] . . . it is undisputed that the document does not mention those taxable years." (Pl.'s Reply 2:22-23.) Plaintiff contends that "[c]ontext shows the Stipulation and Order not to be misleading, since i[t] only discusses the pre-petition years at issue in the bankruptcy." (Id. 2:27-28.)

"In the tax context, once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" In re Baker, 74 F.3d 906, 910 (9th Cir. 1996) (quoting Comm'r v. Sunnen, 333 U.S. 591, 598 (1948)). "For res judicata purposes, an agreed or stipulated judgment is a judgment on the merits." Id.

5

(citing United States v. Int'l Bldg. Co., 345 U.S. 502, 505-06 (1953); Lawrence v. Steinford Holding B.V. (In re Dominelli), 820 F.2d 313, 316-17 (9th Cir. 1987)).

Both Plaintiff and Defendants filed a copy of the Stipulation and Order. (Defs.' Req. for Jud. Not. ("Defs.' RJN"), Ex. C; ECF No. 11-1; Decl. of G. Patrick Jennings ("Jennings Decl."), Ex. E; ECF No. 13-8.) In pertinent part, the Stipulation and Order states:

> [O]n June 5, 2000, the [IRS] filed Claim No. 85 herein as a secured claim in the sum of $795,734.92, and as an unsecured priority claim in the sum of $721,716.00. Said Claim No. 85 amends and supercedes Claim No. 52. A copy of said Claim No. 85 is attached hereto as Exhibit "A."
>
> NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED as follows:
> 1. The trustee and the [IRS] agree that (i) the secured portion of said Claim No. 85 is allowed in the sum of $795,734.92, and said secured claim has been paid in full, (ii) the only amount due and owing to the [IRS] at this time is the unsecured priority portion of said claim in the sum of $721,716.00, and (iii) the unsecured priority portion of said claim shall be allowed in said sum of $721,716.00.

(Pl.'s Req. for Jud. Not. ("Pl.'s RJN"), Ex. C; ECF No. 11-1.) Attached to the Stipulation and Order as Exhibit A is the referenced Proof of Claim, which states the total amount of taxes, penalties, and interest due for taxable years ending December 31, 1993, 1994, and 1995 to be $1,517,450.92. (Id. at 3-4.) The Proof of Claim does not reference any other taxable years, including those ending December 31, 1996 and 1997.

The Stipulation and Order is not a judgment on the merits for any taxable years not referenced in the Proof of Claim. Since the only taxable years referenced in the Proof of Claim are 1993, 1994, and 1995, it is not a judgment on the merits for taxable years 1996 and 1997. Therefore, res judicata does not bar Plaintiff from litigating

Defendants' tax liability for the taxable years at issue *sub judice*, 1996 and 1997.

### C. Equitable Estoppel

Defendants argue that Plaintiff "is barred from collecting the 1996-1997 taxes based on equitable estoppel." (Defs.' Opp'n 3:19-20.) Plaintiff rejoins that "[t]here is no misleading act which would support estoppel here, and certainly no 'affirmative misconduct going beyond mere negligence' [which is] required before the government is estopped." (Pl.'s Reply 2:28-3:2 (quoting Watkins v. U.S. Army, 875 F.2d 699, 705 (9th Cir. 1989) (en banc)).)

"[A] party asserting equitable estoppel against the government must . . . establish that . . . the government engaged in affirmative misconduct going beyond mere negligence." Baccei v. United States, 632 F.3d 1140, 1147 (9th Cir. 2011) (citing Morgan v. Heckler, 779 F.2d 544, 545 (9th Cir. 1985); Watkins, 875 F.2d at 708). "Affirmative misconduct on the part of the government requires an affirmative misrepresentation or affirmative concealment of a material fact, such as a deliberate lie or a pattern of false promises." Id. (citation omitted) (citing Watkins, 875 F.2d at 707; Mukherjee v. INS, 793 F.2d 1006, 1009 (9th Cir. 1986)). "[N]egligence alone will not support a claim of equitable estoppel against the government." Id. (citing Jaa v. INS, 779 F.2d 569, 572 (9th Cir. 1986)).

Here, Defendants argue that "[a]ny . . . business or entity would consider [Plaintiff's failure to file a proof of claim] negligent considering [Plaintiff] failed to file a claim for over $1 million that would have been paid in full." (Defs.' Reply 4:24-26.) This unsupported argument does not establish that Plaintiff's inaction rose to the level of "affirmative misconduct" required to assert equitable estoppel

against the government.  Therefore, Defendants have made an insufficient showing of affirmative misconduct.

For the stated reasons, Plaintiff's claim is not barred by equitable estoppel.

### III. CONCLUSION

For the stated reasons, Plaintiff's motion is granted. Plaintiff shall submit a proposed judgment, including the amount of judgment and supporting calculations, within fourteen (14) days from the date on which this order is filed. Defendants may file an objection to the amounts set forth in Plaintiff's proposed judgment within seven (7) days after it is filed, including calculations supporting the objection.

Dated:  August 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge